UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE O. POLK,

    Petitioner,

vs.                                                                                                              Case No. 13-13769

UNITED STATES OF AMERICA,

                                                                                                              HON. AVERN COHN

    Respondent.

_____/

**<u>ORDER DENYING PETITION FOR WRIT OF AUDITA QUERELA PURSUANT TO 28
U.S.C. § 1651 (Doc. 1)</u>**

I.

This is a case under 28 U.S.C. § 1651. Petitioner Gene O. Polk (Petitioner) is serving a life sentence following his jury conviction on multiple drug related offenses. Before the Court[1] is Petitioner's petition for a writ of audita querela, essentially arguing that the United States Supreme Court's decision in <u>United States v. Richardson</u>, 526 U.S. 813 (1999) entitles him to relief.[2] This is Petitioner's second petition for writ of audita querela. For the reasons which follow, the petition is DENIED and this case is DISMISSED.

---

[1] The petition was opened as a new civil case, case no. 13-13769. It was reassigned to the undersigned as a companion to Petitioner's prior, and nearly identical, petition for writ of audita querela, case no. 11-11252. (Doc. 3). It is also a companion to Petitioner's criminal case, case no. 92-81127.

[2] In <u>Richardson</u>, the Supreme Court held that "a jury in a federal criminal case brought under § 848 [the CCE statute] must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series,'" 526 U.S. at 815

II.

The Court of Appeals for the Sixth Circuit, in affirming the Court's denial of Petitioner's first petition for writ of audita querela, summarized the background of this case, including Petitioner's numerous attempts to seek relief from his conviction and sentence:

> In 1995, a jury found Polk guilty of conspiracy to possess with intent to distribute cocaine and cocaine base, aiding and abetting intentional killing in furtherance of a continuing criminal enterprise, and using or carrying a firearm in relation to a drug trafficking crime. These charges arose out of his leadership and involvement in the "Best Friends" organization, a large-scale cocaine distribution organization in Detroit, Michigan. Polk was sentenced to life in prison, plus 45 years. This court affirmed Polk's conviction and sentence, United States v. Polk, No. 96-1492, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished), and the Supreme Court denied review, 528 U.S. 1055 (1999).
> Polk then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in 2001, and this court denied a certificate of appealability. Polk's motion to file a successive § 2255 motion was also denied. In 2006, Polk filed a petition for habeas relief under 28 U.S.C. § 2241 in a federal district court in Florida, which was denied. Polk v. Yates, No. 04-548 (M.D. Fl. Oct. 2006).
> Polk then filed a second § 2241 petition in the United States District Court for the Eastern District of Michigan, which was transferred to the Western District of Louisiana, because Polk had been transferred to a Louisiana federal prison. The Louisiana district court denied the petition, and the Fifth Circuit affirmed. In its decision, the Fifth Circuit determined that Polk's challenge to his conviction, based on the holding in Richardson v. United States, 526 U.S. 813 (1999), was raised in his initial § 2255 motion in the Michigan federal district court, and that Polk had not shown that a § 2255 motion would be inadequate to test the legality of this same challenge.
> Polk then filed a petition with this court, challenging the transfer of his § 2241 petition to the Louisiana district court, and asking this court to review his claim on the merits. This court denied the request for mandamus on August 24, 2010, noting that Polk had numerous ways to pursue relief and that those alternatives were not inadequate simply because relief had been denied.
> In March 2011, Polk filed the pro se petition for audita querela now before us for review, arguing that he was denied the opportunity to challenge his convictions based on Richardson. The district court determined that Polk was seeking to set aside his conviction with a legal challenge, and that his claim was cognizable in a § 2255 motion, so that relief under the writ of audita querela was

not available. The district court also determined that relief under audita querela could not be granted before Polk had finished serving his sentence and had been released.

Polk v. United States, No. 11-1620 (6th Cir. Jan. 31, 2012). Following the Sixth Circuit's decision, Petitioner sought, and was denied certiorari. Polk v. United States, No. 11-9962 (Supreme Court May 21, 2012).

III.

On September 4, 2013, Petitioner filed his second petition for writ of audita querela. It is virtually identical to his prior petition. The petition fails for the same reasons the Court set forth in denying Petitioner's first petition. The Court explained:

> The writ of audita querela is a common-law writ that affords relief only in very limited circumstances in criminal cases. It is "used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." Carrington v. United States, 503 F.3d 888, 890 n. 2 (9th Cir. 2007); see also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.") (emphasis added). Where the petitioner's legal objection to his conviction centers on an issue of statutory interpretation, audita querela is only a possible remedy where the petitioner is "factually or legally innocent as a result of a previously unavailable statutory interpretation." In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997).
> Petitioner clearly has legal, rather than factual, objections to his conviction. The petition rests on a substantive legal argument about whether Richardson entitles him to relief. This is a clear indication that Petitioner is actually seeking a writ of habeas corpus, rather than a writ of audita querela. As such, relief is not available. See United States v. Herrera, 216 F. App'x 809, 811 (10th Cir. 2007) (when a petition asserts substantive claims to set aside a conviction, the petition is treated as one for habeas corpus, rather than audita querela);Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006) ("For claims that are cognizable in a § 2255 motion, the writ of audita querela is not available. In particular, the writ cannot be invoked in order to enable a defendant to file a § 2255 claim, but avoid complying with the rules that govern such motions.") (citations removed). That is, because Petitioner already filed a § 2255 motion, absent permission from the Sixth Circuit, he cannot file a second motion.

>Finally, based on Sixth Circuit precedent, it appears that there is also a further limitation on the availability of audita querela relief that would preclude Petitioner from obtaining this writ. In <u>Frost v. Snyder</u>, 13 F. App'x 243, 245 n. 1 (6th Cir. 2001), the Sixth Circuit stated that a writ of audita querela "requires satisfaction of the judgment, [and] it can only be used when the petitioner has served his or her sentence and been released from custody." <u>Id</u>. (quoting Ira P. Robbins, <u>The Revitalization of the Common-Law Civil Writ of Audita Querela As a Postconviction Remedy in Criminal Cases: The Immigration Context and Beyond</u>, 6 GEO. IMMIGR. L.J. 643 (1992)). Petitioner has not finished serving the sentence imposed by the Court in 1995. Thus, he is thus precluded from obtaining a writ of audita querela, even were there no other roadblocks to his obtaining the writ.

<u>See</u> Doc. 4 in <u>Polk v. United States</u>, 11-11252 at p. 4-5.

SO ORDERED.

                              s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

Dated: September 27, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 27, 2013, by electronic and/or ordinary mail.

                              s/Sakne Chami
                              Case Manager, (313) 234-5160