UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE O. POLK,

    Petitioner,

vs.                                                      Case No. 13-13769

UNITED STATES OF AMERICA,

                                                                 HON. AVERN COHN

    Respondent.

_____/

**ORDER DENYING MOTION UNDER FED. R. CIV. P. 60(b) (Doc. 6)
AND DENYING A CERTIFICATE OF APPEALABILITY**

I.

This is a case under 28 U.S.C. § 1651. Petitioner Gene O. Polk (Petitioner) is serving a life sentence following his jury conviction on multiple drug related offenses. Petitioner requested a writ of audita querela,[1] essentially arguing that the United States Supreme Court's decision in <u>United States v. Richardson</u>, 526 U.S. 813 (1999) entitles him to relief.[2] The Court denied the petition. (Doc. 4).

Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b). For the reasons that follow, the motion is DENIED.

---

[1] This case was reassigned to the undersigned as a companion to Petitioner's prior, and nearly identical, petition for writ of audita querela, case no. 11-11252. (Doc. 3). It is also a companion to Petitioner's criminal case, case no. 92-81127.

[2] In <u>Richardson</u>, the Supreme Court held that "a jury in a federal criminal case brought under § 848 [the CCE statute] must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series,'" 526 U.S. at 815

II.

The Court of Appeals for the Sixth Circuit, in affirming the Court's denial of Petitioner's first petition for writ of audita querela, summarized the background of this case, including Petitioner's numerous unsuccessful attempts to seek relief from his conviction and sentence. See Polk v. United States, No. 11-1620 (6th Cir. Jan. 31, 2012). It will not be repeated here.

III.

Fed. R. Civ. P. 60(b) provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner seeks relief under Rule 60(b)(1) and (b)(6).

In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) the existence of mistake, inadvertence, surprise, or excusable neglect; (2) that he has a meritorious claim or defense. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980)

As relief under 60(b)(6), the Sixth Circuit has held: "Courts ... must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The

2

something more ... must include unusual or extreme situations where principles of equity mandate relief." Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007).  Relief under Rule 60(b)(6) is extremely limited.  Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner has not satisfied the standard for relief under 60(b)(1) or (b)(6). Petitioner has not shown any mistake or that he has a meritorious argument in his petition for writ of audita querela.  Moreover, he has not shown any unusual circumstances to warrant Rule 60(b)(6) relief.  Rather, Petitioner presents the same arguments that have been repeatedly rejected by the Court and the Sixth Circuit.  As explained in the order dismissing the petition for writ of audita querela, the writ does not provide him with an avenue for relief.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue.  See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has not made such a showing.   Accordingly, a COA is DENIED.

SO ORDERED.

   s/Avern Cohn  
UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 20, 2013, by electronic and/or ordinary mail.

   S/Carol Bethel for Sakne Chami  
Case Manager, (313) 234-5160